JS 44 (Rev 09/11)

# CIVIL COVER SHEET

The JS 44 civil coversheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States inSeptember 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
KARINA KONIZ

**DEFENDANTS**
SOLOMON ORGANIZATION, LLC

**(b)** County of Residence of First Listed Plaintiff: BUCKS
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Marc E. Weinstein WEINSTEIN LAW FIRM, LLC 1210 Northbrook Dr., Ste 280 Trevose, PA 19053 215-953-5200 meweinstein@comcast.net

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 340 Marine | | | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| | ☐ 362 Personal Injury - Med. Malpractice / ☐ 385 Property Damage Product Liability | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| | | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 530 General | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | |
| | ☐ 448 Education | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 465 Other Immigration Actions | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district *(specify)*
- ☐ 6 Multidistrict Litigation

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. § 2000e(k))
Brief description of cause:
Pregnancy discrimination in employment

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** *(See instructions)*:
JUDGE _____ DOCKET NUMBER _____

DATE: 10/30/2012
SIGNATURE OF ATTORNEY OF RECORD: /s/ MEW

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 201 Aqueduct Road, Washington's Crossing, PA 18977

Address of Defendant: 120 East Street Road, Warminster, PA 18974

Place of Accident, Incident or Transaction: BUCKS COUNTY, PA
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐  No☒

Does this case involve multidistrict litigation possibilities?    Yes☐  No☒
*RELATED CASE, IF ANY:*
Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
    Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
    Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
    Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
    Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. **XXX Civil Rights**
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

MARC E. WEINSTEIN
I, _____, counsel of record do hereby certify:

X Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

X Relief other than monetary damages is sought.

OCTOBER 30, 2012
DATE: _____

Marc E. Weinstein
Attorney-at-Law

Atty No. 79474 (PA)
Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

OCTOBER 30, 2012
DATE: _____

Marc E. Weinstein

Atty No. 79474 (PA)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KARINA KONIZ** <br> 201 Aqueduct Road <br> Washington Crossing, PA 18977 <br><br> Plaintiff, <br><br> v. <br><br> **SOLOMON ORGANIZATION, LLC** <br> 120 East Street Road <br> Warminster, PA 18974 <br><br> Defendant. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | CIVIL ACTION <br><br> NO. _____ <br><br><br><br> JURY TRIAL DEMANDED |

## CIVIL ACTION COMPLAINT

Plaintiff Karina Koniz hereby complains as follows against Solomon Organization, LLC:

### I.   INTRODUCTION

1. Plaintiff has initiated the instant action to redress violations of the federal Pregnancy Discrimination Act and applicable state law.

### II.   PARTIES

2. Plaintiff is an adult female and citizen of the United States and the Commonwealth of Pennsylvania with an address as set forth in the caption above.

3. Defendant is a real estate property management firm with properties in New York, New Jersey, Pennsylvania and Connecticut. It owns and operates approximately 10,000 apartments.

4. Defendant is an "employer" within the meaning of the Pregnancy Discrimination Act and applicable state law because it is engaged in an industry affecting commerce and because it maintained

or maintains fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks during the year(s) in question.

5. At all times relevant herein, Defendant acted through its several agents, servants, and employees (including but not limited to those named elsewhere in this Complaint), each of whom acted in the course and scope of their employment for Defendant at all times relevant herein. Defendant is therefore fully responsible for the illegal and discriminatory acts and omissions of the aforesaid employees pursuant to the principle of *respondeat superior*.

### III. JURISDICTION AND VENUE

6. The instant action is initiated pursuant to the federal Pregnancy Discrimination Act ("PDA"), a 1978 amendment to Title VII of the Civil Rights Act of 1964. *See* 42 U.S.C. § 2000e(k). The applicable state law is the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951 *et seq.*, which similarly proscribes pregnancy discrimination in employment.

7. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the Supreme Court in *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945) and its progeny.

8. The United States District Court for the Eastern District of Pennsylvania has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of civil rights. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28

U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to the claim(s) within the Court's original jurisdiction that they form part of the same case or controversy.

9.  Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendant resides in and/or conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district (Plaintiff was working in the Eastern District of Pennsylvania at the time of the illegal actions set forth herein).

## IV. PROCEDURAL AND ADMINISTRATIVE REQUIREMENTS

10. Plaintiff has satisfied the procedural and administrative requirements for proceeding under the PDA and PHRA. In particular:

    a.  On or about February 3, 2011, Plaintiff filed a timely written charge of discrimination with the Philadelphia district office of the U.S. Equal Employment Opportunity Commission ("EEOC") where it was assigned charge number 530-2011-01082;

    b.  On or about July 31, 2012, the EEOC issued a Dismissal and Notice of Rights;

    c.  The instant action is timely because it is initiated within ninety (90) days of the receipt of the aforementioned Notice;

    d.  Plaintiff also timely cross-filed her aforesaid charge of discrimination with the Pennsylvania Human Relations Commission where it was assigned charge number 201006737;

    e.  Plaintiff has fully exhausted her administrative remedies.

3

## V.    FACTUAL BACKGROUND

11.    Plaintiff was hired in or about August 2008 as a leasing agent at Defendant's apartment complex called Bucks Landing, located on Street Road in Warminster, Bucks County, PA. Her starting pay was approximately $12 per hour, plus commissions and bonuses.

12.    Prior to being hired, Plaintiff interviewed with Terri McKeon (Property Manager), McKeon's supervisor Melissa Good (Vice President), and Evan Rosen (Managing Director).

13.    Plaintiff provided truthful answers on all of the pre-employment forms Defendant required her to complete. She was told Defendant would be doing a background check. Additionally, approximately a year later - in late 2009 - when Defendant conducted additional background checks, Plaintiff told McKeon of her prior misdemeanor offenses.

14.    In or about early 2010, Plaintiff informed McKeon that she had miscarried and that she wanted to have another baby. In the summer of 2010, Plaintiff became pregnant again.

15.    On or about August 5, 2010, probably around 2-3 p.m., McKeon directly asked Plaintiff if she was pregnant. This occurred in McKeon's office, with Good present. Plaintiff said she was, and both women offered their congratulations. They also inquired as to how far along Plaintiff was in her pregnancy.

16.    Good stated there were a couple other girls at other properties who were pregnant. Plaintiff finished the rest of the day without incident.

17.    The following day - on or about August 6, 2010 - Good again came to the office. She initially met with McKeon privately. Plaintiff was later called into McKeon's office. Plaintiff was handed a letter stating there was "negative information" on her criminal background report. She was suspended for a one week. She was told that if, during that week, she was unable to show the

4

negative information was false she would be discharged. Plaintiff was never told what the "negative information" was.

18. Plaintiff was discharged the following week.

19. Defendant's explanation for terminating Plaintiff's employment was phony.

20. Aside from the fact that McKeon had long known about Plaintiff's prior misdemeanors, several maintenance employees had prior criminal offenses but were not fired. The female assistant property manager - not pregnant - got a DUI and was incarcerated while employed by Defendant. She was not discharged.

21. The true reason for her discharge was her pregnancy. Although McKeon directly asked Plaintiff about her pregnancy the day before firing Plaintiff, McKeon had actually known of Plaintiff's pregnancy for weeks.

22. In or about July, McKeon stated to another employee, "take notice to Karina's stomach." In the weeks that followed McKeon stated on several occasions to this employee "I wonder if she's [Koniz's] going to say something."

23. McKeon then undertook efforts to frustrate Plaintiff so that she would quit. As an example, McKeon would tell other leasing agents - but not Plaintiff - about special promotions, thereby placing Plaintiff at a competitive disadvantage.

24. When that effort did not achieve the desired result, McKeon then tried to catch Plaintiff throwing away Defendant's promotional fliers. McKeon actually arranged for the fiancé of another employee to follow Plaintiff for that purpose. When a flier - allegedly discarded - was found, McKeon remarked, "really this is all I need, I'm going to talk to Melissa [Good] about this."

25. Ultimately Defendant invoked the criminal background report as the pretext upon which to

5

fire Plaintiff.

26. Six months later, on February 7, 2011, Plaintiff and her husband gave birth to a baby boy.

## FIRST CAUSE OF ACTION
## VIOLATIONS OF TITLE VII

27. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

28. In terminating Plaintiff's employment because of her pregnancy, Defendant knowingly, purposefully and deliberately violated the federal Pregnancy Discrimination Act ("PDA"), a 1978 amendment to Title VII of the Civil Rights Act of 1964. *See* 42 U.S.C. § 2000e(k).

28. In terminating Plaintiff's employment because of her pregnancy, Defendant engaged in discriminatory practices with malice and reckless indifference to Plaintiff's federally-protected rights to be free from employment discrimination based on sex.

29. As a result of Defendant's unlawful discrimination, Plaintiff has suffered pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

## SECOND CAUSE OF ACTION
## PENNSYLVANIA HUMAN RELATIONS ACT

30. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

31. Defendant's discriminatory actions as aforesaid also violated the Pennsylvania Human Relations Act, 43 P.S. § 951 *et seq.*

**WHEREFORE**, Plaintiff prays that this Court enter an order providing that:

A. Defendant is to be permanently enjoined from discriminating against Plaintiff on any basis

...

forbidden by Title VII and other applicable federal and state law;

B. Defendant is to promulgate and/or adhere to a policy prohibiting pregnancy discrimination in the workplace, and ensure this policy is fairly and adequately enforced;

C. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, interest, salary, pay increases, bonuses, insurance, benefits, training, promotions, lost 401K or retirement benefits, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date her employment was terminated until the date of verdict, and Defendant should be ordered to provide an accounting of all benefits lost by Plaintiff to ensure Plaintiff is made whole if deemed appropriate by the Court;

D. Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, emotional distress and humiliation caused by Defendant's actions;

E. Plaintiff is to be awarded punitive damages as permitted by Title VII, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious, reckless and outrageous conduct, and to deter Defendant and/or other employers from engaging in such misconduct in the future;

F. Plaintiff is to be accorded equitable or injunctive relief as allowed by applicable law;

G. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorneys' fees as provided by applicable federal and state law;

H. This Court should grant any and all other such legal or equitable relief as it deems necessary, just, and appropriate;

I. This Court should maintain jurisdiction over the instant action to ensure full compliance with its Orders therein until such time it is satisfied that its Orders and dictates have been complied with in full by Defendant;

J. Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**WEINSTEIN LAW FIRM, LLC**

By: _____
Marc E. Weinstein, Esquire
One Northbrook Corporate Center
1210 Northbrook Drive, Suite 280
Trevose, PA 19053
215.953.5200
meweinstein@comcast.net
Counsel to Plaintiff

Dated: October 30, 2012